IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JET ASPHALT & ROCK CO., INC.                                            PLAINTIFF

VS.                                   CASE NO. 02-CV-1189

ANGELO IAFRATE CONSTRUCTION,
LLC, and NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD                                      DEFENDANTS

**ORDER**

Before the Court is Plaintiff's Motion for Attorneys' Fees following Appeal. (Doc. No. 49). The Defendants have filed a response. (Doc. No. 52). The matter is ripe for consideration.

BACKGROUND

The Plaintiff, Jet Asphalt, filed suit against the Defendants for breach of contract and deceit. A jury trial was held the week of May 3, 2004. At the end of the Plaintiff's case, the Court dismissed the Plaintiff's claim for deceit. On May 4, 2004, the jury returned a verdict in favor of the Plaintiff on its breach of contract claim and assessed damages in the amount of $192,511.50. A judgment was entered against the Defendants in that amount. On May 19, 2005, the Plaintiff filed a motion for attorneys' fees and costs. On June 1, 2004, the Defendants appealed the judgment to the United States Court of Appeals for the Eighth Circuit. During the pendency of that appeal, the Court awarded the Plaintiff attorneys' fees in the amount of $32,563.20 plus costs in the amount of $6,110.00. The Defendants did not appeal the award of attorney fees or costs. On December 9, 2005, the judgment against the Defendants was affirmed by the Eighth Circuit.

Plaintiff now seeks an additional award of attorneys' fees in the amount of $14,966 and costs in the amount of $3,304 it incurred during the appeal of this matter to the Eighth Circuit. Plaintiff claims that, pursuant to Ark. Code Ann. §16-22-308, it is entitled to this award as the prevailing party on appeal. Defendants object to the award of additional fees as unreasonable.

DISCUSSION

Since this case is here by virtue of diversity jurisdiction, the Court must look to Arkansas law to determine whether attorney fees should be awarded. The statutory authority for an award of attorney fees is found at Ark. Code Ann. § 16-22-308.

> In any civil action to recover on . . . contract . . . for labor or services, or breach of contract, . . . the prevailing party *may* be allowed a reasonable attorney fee to be assessed by the court and collected as costs.

Ark. Code Ann. § 16-22-308 (emphasis added). The word "may" in the context of § 16-22-308 is permissive and indicates that such an award of attorney fees is within the discretion of the trial court. *See Chrisco v. Sun Industries, Inc.,* 304 Ark. 227, 229, 800 S.W.2d 717, 718 (1990).

In this case, Plaintiff has already been awarded attorney fees and costs in the amount of $38,673.20. Plaintiff now asks the Court for an additional $18,270 ($14,966 in attorneys' fees and $3,304 in costs) for work done during the appeal of this case. The Court believes that Plaintiff's additional request for $14,966 in attorneys' fees is unreasonable. The Court believes that the $32,563.20 already awarded to the Plaintiff for attorneys' fees is a reasonable fee for both the work at the trial and on the appeal. However, the Court believes that Plaintiff's request for additional costs is warranted and reasonable and the Court will award the Plaintiff its additional costs of $3,304 in this matter.

CONCLUSION

The Court finds that the Plaintiff's Motion for Attorneys' Fees following Appeal should be and hereby is **denied in part** and **granted in part**. The Court finds that an award of additional attorneys' fees in not warranted in this case, however, an award of additional costs is. Plaintiff is hereby awarded $3,304 in additional costs in this case. This amount is to be added to Plaintiff's Judgment against Angelo Iafrate Construction, L.L.C., and National Fire Insurance Company of Hartford in the above styled and numbered action.

IT IS SO ORDERED, this 5th day of April, 2006.

    /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge